UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RECEIVED
AUG 04 2023
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

DOLPH FINLEY                                CIVIL ACTION:

VERSUS                                      JUDGE

LOUISIANA DEPT OF CORRECTIONS               MAGISTRATE JUDGE:

_____/

*MEMORANDUM IN SUPPORT*

Dolph Finley
**Dolph Finley #75033**
Raymond Laborde Correctional Center
1630 Prison Road
Cottonport, Louisiana 71327

1

**JURISDICTION**

Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331, 1343, and 2201. Rule 65, Federal Rules of Civil Procedure to hold defendants liable for violations of my 1st, 4th, 5th, 8th, and 14th Amendment of the United States Constitution; and Pendent jurisdiction is invoked pursuant to 28 U.S.C. § 1367 to hold the defendants liable under La. C.C. Art. 2315-2324 for violation of Article 1, Sections 2, 3, 4, 9, 12, 20, and 22 of the Louisiana Constitution of 1974.

**I.   STATEMENT OF THE CASE**

The State charged Dolph Finley with first degree robbery on January 12, 1987. After a trial by jury, Petitioner Dolph Finley was found guilty as charged. On February 12, 1987, the State of Louisiana filed a habitual offender bill of information under La. R.S. 15:529.1, alleging the Petitioner had two (2) prior felony convictions, the first being in 1965 for multiple counts of simple burglary and was sentenced to three (3) years with the Department of Corrections, Parish of Pointe Coupee, and the second being an Armed Robbery committed on June 7, 1971, and of which on November 10, 1971, Petitioner was found guilty by a jury in the 19th Judicial District Court, Parish of East Baton Rouge, and sentenced to thirty (30) years hardy, without benefits. On March 19, 1987, Petitioner was sentenced by the 9th Judicial District Court, parish of Rapides, to an illegally enhanced fifty (50) year sentence without benefits, as a direct result of the court's erroneous consideration of the 1968 predicate of Pointe Coupee Parish.

ISSUE OF THE LAW

Did the court error by charging petition with a crime he did not commit?

ASSIGNMENT OF ERROR

The District Court error by charging petition with a crime he did not commit.

CLAIMS

The record will reflect that the Habitual Offenders Bill of Information filed against petitioner on February 12, 1987 will show that the State of Louisiana charged him with multiple counts of burglary in 1968. Clearly there is nothing in the "so called" pen-pack to prove that[1]. Additionally, there was nothing contained in the prison record i.e. "pen pack" to confirm such a false and erroneous allegation.

Petitioner is unlawfully committed and detained by virtue of an illegal multiple bill of information that was held on March 13, 1987, the predicate offense relied upon does not qualify as a valid conviction for purpose of multiple offender adjudication. A copy of which is attached hereto marked as Exhibit "A" and by reference make part hereof.

The imprisonment and restraint of the petitioner is illegal in that said commitment order is annulled by virtue of his sentence being made deemed in a situation where "no sentence at all has been imposed...State v. Johnson, 220 LA. 64 55 So. 2d 783, also see Exhibit " " attached hereto and made part of the writ.

Petitioner avers that any and all documents are available upon request.

---

[1] Exhibit "C"

Petitioner contends that he filed a grievance, which proceeded to the 19th Judicial Review, via the institutional policy with the Raymond Laborde Correctional Center; however, was told that this is the wrong avenue.

Again, the State charged me with first degree robbery on January 12, 1987. After a trial by jury, petitioner was found guilty as charged. On February 12, 1987, the State of Louisiana filed a habitual offender bill of information alleging that I had three (3) prior felony convictions. The first conviction in 1971 for Armed Robbery which will coincided with the transcript; however, the State alleges *"Ghost Charges"* of simple burglary in the Parish of Pointe Coupee, and the second being an Armed Robbery committed on June 7, 1971. On November 10, 1971, petitioner was found guilty by a jury in the 19th Judicial District Court and sentenced to thirty (30).

On March 19, 1987, I was sentenced by the 9th Judicial District Court to an illegally enhanced fifty (50) year sentence without benefits, as a direct result of the court's erroneous consideration of the 1968 predicate of Pointe Coupee Parish. The administration at the Raymond Laborde Correctional Center Record Department incorrectly amended my documents to reflect my offender class status.

The Louisiana Department of Corrections, Legal Specialist, after closely reviewing each of my past convictions, determined the petitioner had no adult conviction or sentence on record with Pointe Coupee Parish in 1968[2]. The Department and Safety and Corrections misled the court system by miscalculating my status and admitted it[3] which makes me eligible to be sentenced as a habitual offender, and officially corrected Petitioner's offender class from a third to a second offender.

---

[2] See Exhibit "A" Order for Production of Documents from 18th Judicial District Court, Pointe Coupee Parish
[3] See Exhibit "C" ARP Ruling

On multiple occasions, the former warden of the Raymond Laborde Correctional Center, Donnie Bordelon, admitted that this institution "missed up." He even mentioned that he would contact their legal department to see how this matter can be resolved. However, petitioner believes that him contacting the legal department was all fabricated. Petitioner currently have all documents needed to verify that this information is accurate.

To many times the Department of Corrections miscalculated and or messed up offenders legal documents forcing the offenders to be either held back and or face future legal drama. Something must be done to correct this error.

Petitioner is currently states that he never had an original sentence, yet the State continues with these alleged **"Ghost Charges"**. The State, trying to cover their tracks, thought that all they had to do is change the "offender class"; however, you **can't** change one area without correcting the other. Additionally plaintiff's original charge does not even carry that, and the record will indicate that. Records will show that clearly the State is at fault not the petitioner. The commitment order is tainted, and **must** be corrected. The State realized that they were at fault causing them to amend the offender class. However, even a lament man can see that through this muddy water. The charge is 38 years old meaning three decades that the State has held petitioner illegally. This obviously for their personal gain and at no point to benefit the petitioner.

**WHEREFORE**, for all the aforementioned reasons the Petitioner moves that the Court Grant said Petition.

Respectfully Submitted,

Dolph Finley #75033
Dolph Finley #75033

*CERTIFICATE OF SERVICE*

I, **Dolph Finley,** state under penalty of perjury under the laws of the United States of America I have served a copy of this document on all counsels of record by mailing it postage prepaid, to:

Executed on this _8_ day _Aug 1_, 2023.

*[signature: Dolph Finley]*
**Dolph Finley #75033**
Raymond Laborde Correctional Center
Cajun 1 A1
1630 Prison Road
Cottonport, Louisiana 71327

Dolph Finley #75033
Raymond Laborde Correctional Center
1630 Prison Road
Cottonport, LA 71327

**LEGAL MAIL**

U.S. MARSHAL
OK
SCREENED

United States District Court Middle District of Louisiana
Attention: Judge Shelly D. Dick
Russell B. Long Building
777 Florida St., Ste. 139
Baton Rouge, LA 70801